IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff<br><br>v.<br><br>DEBRA McCARTHY,<br><br>        Defendant | JURY TRIAL DEMANDED<br><br>NO. 3:21-cv-00294 |

## MOTION FOR A MORE DEFINITE STATEMENT BY DEFENDANT, DEBRA MCCARTHY PURSUANT TO RULE 12(E)

1. Plaintiff commenced this action by filing a Complaint in the Luzerne County Court of Common Pleas of January 27, 2021. See Plaintiff's Complaint attached as Exhibit "A".

2. Defendant subsequently removed the case to this Court on February 17, 2021. (Doc. 1).

3. Plaintiff's Complaint alleges ~~generally~~ that Defendant defamed an unnamed person (John Doe) and cast him in a false light in e-mail correspondence.

4. Plaintiff's Complaint provides no identifying information concerning the Plaintiff himself (or herself) other than referring to him as "John Doe".

5. Pursuant to Rule 12 (e) of the Federal Rules of Civil Procedure, a party may move for a more definite statement of a pleading to which a

responsive pleading is allowed, but which is so vague or ambiguous that a party cannot reasonably prepare a response.  F.R.C.P. 12 (e)

6.  Under Rule 10 (a) of the Federal Rules of Civil Procedure, the title of a Complaint must name all parties.

7.  ~~The~~ Federal Courts have ruled that the fact that a Plaintiff may suffer embarrassment or economic harm is not enough to overcome the requirements of Rule 10.  <u>Doe v. C.A.R.S. Protection Plus, Inc</u>. 527 F. 3d 358, 371 (3d Cir. 2008).

8.  In order to proceed anonymously, a Plaintiff must show both a fear of severe harm and that the fear of severe harm is reasonable.  <u>Doe v. Camehameha Sch./Bernice Pauahi Bishop Estate</u>, 596 F.3d 1036, 1043 (9th Cir. 2010).

9.  Plaintiff's Complaint pleads neither of these requirements.

10.   The 3rd Circuit Court of Appeals has set out factors to be weighed when deciding whether a Plaintiff should be entitled to proceed anonymously:

>1. The extent to which the identity of the litigant has been kept confidential;
>2. The bases upon which disclosure is feared or sought to be avoided and the substantiality of these bases;
>3. The magnitude of the public interest in maintaining the confidentiality of the litigant's identity;

>4. Whether because of the purely legal nature of issues presented or otherwise, there is not an atypically weak public interest in knowing the litigants identities;
>5. The undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue to the case at the price of being publicly identified; and
>6. Whether the parties seeking to proceed pseudonymously has illegitimate ulterior motives.

Doe v. Megless, 654 F.3d 404, 409 (3d. Cir. 2011).

11. In the alternative, accepted factors for disfavoring anonymity include:

>1. The universal level of public interest in access to the identities of litigants;
>2. Whether because of the subject matter of this litigation, the status of a litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigants identities, beyond the public's interest which is normally obtained; and
>3. Whether the opposition to pseudonymous by counsel, the public or the press is illegitimately motivated.

Megless at 409.

12. Plaintiff's allegations do not favor anonymity.

13. Based on Plaintiff's allegations it would appear that the contents of the allegedly defamatory email are widely known among his peer group.

14.     Plaintiff's Complaint does not allege any reason, let alone a substantial reason, that Plaintiff may fear or need to avoid the disclosure of his identity.

15.     There is no public interest in maintaining the confidentially of John Doe in this matter.

16.     There is no less public interest in knowing the identity of this Plaintiff than any who brings an action under the Federal Rules of Civil Procedure.

17.     Plaintiff's Complaint alleges no legitimate motives for Plaintiff to require such anonymity.

18.     There is no reason to treat this Plaintiff different as it pertains to the universal public interest of identities of litigants.

19.     Plaintiff must show that he ~~has~~ can met the factors set out by the Courts and that he has a reasonable fear of harm should his identity be placed on the caption.   Defendant does not believe Plaintiff can meet that threshold.

WHEREFORE, Defendant respectfully requests that this Honorable Court grant the instant Motion and Order Plaintiff to file an Amended Complaint substituting his name for "John Doe" on the caption within fourteen (14) days in accordance with Federal Rule of Civil Procedure 12(e).

        Respectfully submitted,
        MARSHALL, DENNEHEY, WARNER,
        COLEMAN & GOGGIN

*John R. Nealon*

John R. Nealon, Esquire
I.D. No. 87364
P.O. Box 3118
Scranton, PA 18505-3118
(570) 496-4663