IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNYSYLVANIA

| | |
|---|---|
| **John Doe** | : |
| Plaintiff | : **Civil Action** |
| VS. | : **NO. 3:21-cv-00294** |
| **Debra McCarthy** | : **Jury Trial Demanded** |
| Defendant | : |

**MOTION TO REMAND ACTION TO STATE COURT**

Plaintiff John Doe, through his undersigned counsel, moves this Honorable Court pursuant to 28 U.S.C. §1441, 1447 (c), et al to remand this action to the Court of Common Pleas of Luzerne County, Pennsylvania, where it originated and where it properly belongs, and in support avers as follows:

1. Plaintiff, a Pennsylvania minor and a student, is the victim of a defamatory per se email that defendant, an adult from New York, sent to plaintiff's school.

2. Defendant removed the plaintiff's defamation case, which had been properly filed in Luzerne County as a matter of state law only, stating in the complaint, the following, single, and global prayer for relief:

**"Prayer for Relief**

**WHEREFORE,** plaintiff Juan Doe demands judgment from defendant Debra McCarthy in an amount not in excess of $70,000.00 including costs and fees for all three claims."

3. Defendant's removal is fatally flawed as at no point does plaintiff's complaint, which is specifically limited to damages in the stated amount of $70,000.00 meet the jurisdictional requirement of an amount in controversy required for removal, currently set at over $75,000.00.

4. Defendant's claim that this Court has jurisdiction because the plaintiff has asked for punitive damages asks the Court to improperly resolve doubts in favor of the removing party, and fails because the damages demanded in the complaint—including punitive damages—are limited to not in excess of $70,000.00--and thus never meet the amount in controversy requirement.

5. In determining whether the jurisdictional amount has been satisfied, the court must first look to the complaint. See *Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993) ("The general federal rule is to decide the amount in controversy from the complaint itself."). Here the complaint plainly seeks damages stated below the federal jurisdictional amount.

6. Plaintiff now respectfully requests this court to remand the case to its proper venue, the Court of Common Pleas of Luzerne County as nothing in this record, including the defendant's actions, prices the controversy in excess of what the plaintiff seeks which he clearly stated in the complaint: Damages not in excess of $70,000.00 which do not meet the amount in controversy required to remove this case to Federal Court.

7. Any defendant who, like Mrs. McCarthy just did, has removed a state case to federal court has the burden of proving that the case is within the federal

|     | |
| --- | --- |
|     | diversity jurisdiction. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). |
| 8.  | This burden is heavy, and the "court must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." Id. See*, Steel Valley Auth. v. Union Switch and Signal Div.,* 809 F.2d 1006, 1010 (3d Cir. 1987) (holding that all doubts should be resolved in favor of remand). |
| 9.  | Here plaintiff contends that the amount in controversy requirement is not met and thus this case is not within the Court's jurisdiction. |
| 10. | Because it is an issue of fact that plaintiff has limited his damages with a specific statement of global damages not to exceed $70,000.00, including punitive damages, if any at all, the contested issue, that the amount in controversy is not met here, must be resolved in plaintiff's favor. |
| 11. | In the alternative, even if this Court found it has jurisdiction, plaintiff requests this Court follow the statutory scheme in §1441(e)(2) and make a finding of liability only to then remand the case to Luzerne County Common Pleas for a determination of damages. |
| 12. | It is noteworthy that neither the complaint nor the answer raises any questions of federal law that might grant that jurisdiction to this Honorable Court. |
| 13. | The removal is frivolous. There is no way for defendant to come up with an explanation that would resolve why she believed she had grounds to remove when she knew of the two levels of doubt that require remand as they must be |

     resolved in plaintiff's favor—namely that punitive damages might not be awarded, and that if they were the case would then exceed $75,000.00.

14. Removing party McCarthy has not met and will never meet her burden to establish that the amount in controversy in this matter exceeds the amount in damages that the plaintiff seeks in writing. Doubt on that fundamental issue is the fatal flaw of this removal, and requires remand in favor of the plaintiff.

15. Thus, the action should be remanded to the Luzerne County.

16. Plaintiff John Doe has incurred legal fees and expenses associated with this motion for remand in the amount of $2,500.00.

**WHEREFORE**, plaintiff respectfully requests that this Honorable Court remand this case to the Court of Common Pleas for Luzerne County, Pennsylvania and award him the fees and expenses associated with this motion.

                                        Respectfully Submitted,

                                        */s/ Tannia Jauregui*

                                        _____
                                        The Jauregui Law Firm
                                        720 Arch Street
                                        PO Box 861
                                        Philadelphia, PA 19107
                                        (215) 559-9285
                                        RJ@Raul.Jauregui.com

Dated: February 21, 2021