THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN DOE,                           :
                                    :
                    Plaintiff,      :
        v.                          :
                                    :   3:21-CV-294
DEBRA McCARTHY,                     :   (JUDGE MARIANI)
                                    :
                    Defendant.      :

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is Plaintiff's Motion to Remand (Doc. 6) the above-captioned action which Defendant removed from the Court of Common Pleas of Luzerne County on February 17, 2021 (Doc. 1). For the reasons that follow, the Court will grant in part and deny in part Plaintiff's Motion.

### II. PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

On January 27, 2021, Plaintiff John Doe filed a Complaint in the Court of Common Pleas for Luzerne County against Defendant Debra McCarthy. (*See* Complaint, Doc. 1-1). Defendant McCarthy thereafter removed the action to federal court on February 17, 2021 on the basis of diversity jurisdiction.  (Doc. 1, ¶ 4). On February 23, 2021, Plaintiff filed a Motion to Remand Action to State Court (Doc. 6) and supporting brief (Doc. 6-2), to which Defendant filed a brief in opposition (Doc. 7).

Plaintiff's Complaint alleges that John Doe[1] is a resident of Luzerne County, Pennsylvania and Defendant Debra McCarthy is "believed to be" a resident of New York. (Doc. 1-1, ¶¶ 1-2).  Plaintiff's Complaint alleges claims of Defamation (Count I), Defamation Per Se (Count II) and False Light (Count III) against McCarthy as a result of statements made by her about Doe in connection with a sexual incident which occurred between Doe and another student at a Pennsylvania Private institution.  Each count claims that Doe "in his own right, has been damaged for defamation, and claims damages of the defendant Debra McCarthy for the same." (*See* Doc. 1-1, at 12, 13, 14).  Plaintiff's Prayer for Relief "demands judgment from defendant Debra McCarthy in an amount not in excess of $70,000.00 including costs and fees for all three claims." (*Id.* at 14).

## III. ANALYSIS

Defendant removed this action to federal court pursuant to 28 U.S.C. §§ 1441 and 1446 on the basis of diversity of jurisdiction.  Pursuant to 28 U.S.C. § 1332,

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. . .

28 U.S.C. § 1332 (a)(1).  Here, Plaintiff does not dispute that the parties are citizens of different states.  Rather Plaintiff argues that the amount in controversy does not exceed $75,000, stating that "at no point does plaintiff's complaint, which is specifically limited to

---

[1] The Complaint alternates between identifying the plaintiff as "John Doe" and "Juan Doe". Because the caption of the Complaint identifies Plaintiff as "John Doe", the Court will address him as such herein.

damages in the stated amount of $70,000.00 meet the jurisdictional requirement of an amount in controversy required for removal." (Doc. 6, ¶ 3).

"Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." *Brown v. Jevic,* 575 F.3d 322, 326 (3d Cir. 2009) (citing *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851 (3d Cir. 1992)). *See also*, *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005) ("The statute governing removal, 28 U.S.C. § 1441, must be strictly construed against removal."). "It is now settled in this Court that the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (citing *Samuel-Bassett v. KIA Motors Am., Inc.,* 357 F.3d 392 (3d Cir. 2004)).

"The Supreme Court has long held that plaintiffs may limit their claims to avoid federal subject matter jurisdiction." *Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 294 (1938)). Thus, "[a] district court's determination as to the amount in controversy must be based on the plaintiff's complaint at the time the petition for removal was filed." *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) (internal citations and quotation marks omitted), *abrogated on other grounds by Earl v. NVR, Inc*., 990 F.3d 310 (3d Cir. 2021); *see also, Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993) ("The general federal rule is to decide the amount in controversy from the complaint itself."). Nonetheless, there is "a broad good faith requirement in a plaintiff's

3

complaint with respect to the amount in controversy." *Morgan*, 471 F.3d at 474. *See also,* 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."). "The court must measure the amount not by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Werwinski*, 286 F.3d at 666 (internal citations and punctuation marks omitted).

Here, Plaintiff's Prayer for Relief "demands judgment from defendant Debra McCarthy in an amount not in excess of $70,000.00 including costs and fees for all three claims [Defamation, Defamation Per Se, and False Light]." (Doc. 1-1, at 14).[2]  However, Defendant asserts that because "Plaintiff seeks, among other things, loss [of] earning capacity, loss of life's pleasure, . . . punitive damages", and "alleges that his harms may be a lifelong burden", a "reasonable reading of Plaintiff's Complaint clearly establishes that the amount in controversy requirement has been met for purposes of removal by a preponderance of the evidence." (Doc. 7, at 5).  This argument asks this Court to engage in pure speculation as to the value of Plaintiff's claims. Although Defendant repeatedly claims that this Court should find by a preponderance of the evidence that the amount in controversy exceeds $75,000 (Doc. 7, at  5, 6), she offers no factual support for such an

---

[2] Defendant states that "Plaintiff's Complaint contains three counts which each seek monetary relief in excess of $70,000" (Doc. 7, at 5)(underline in original).  A plain reading of Plaintiff's prayer for relief makes clear that the $70,000 set forth therein is for all three claims, not each claim.

assertion.  Similarly, although Defendant properly notes that "an ad damnum clause below $75,000 does not by itself compel remand" (Doc. 7, at 6) (citing *Brent v. First Student, Inc.*, 2020 WL 2545328, * 3 (E.D. Pa. 2020)), Defendant does not set forth any concrete explanation as to why the Court should find that Plaintiff's claims exceed $75,000.  Rather, Defendant states in conclusory fashion only that "Plaintiff's allegations that he is entitled to damages for loss of life's pleasures and loss of future earning capacity alone would satisfy Defendant's burden" and that "[c]onsidering that a claim for punitive damages, among other alleged damages, is being advanced there can be no doubt that the amount in controversy exceed[s] $75,000."  (Doc. 7, at 7).  Defendant offers no evidence to suggest why Plaintiff's alleged injuries could lead to a "reasonable reading" that Plaintiff's claims for damages exceed the jurisdictional threshold and certainly offers no support for her opinion that there is "no doubt" that the amount in controversy exceeds $75,000 merely because Plaintiff has set forth a claim for punitive damages.

Defendant also argues that Plaintiff's refusal to enter into a stipulation capping his damages at a maximum of $75,000 "undercuts his argument that the jurisdictional limit for removal has not been met."  (Doc. 7, at 8).  To support his assertion that Plaintiff will not stipulate to a limit on damages, Defendant attaches to her motion as an exhibit a series of email exchanges between counsel.  In relevant part, in discussing the motion to remand, Defendant's counsel asked "Will you stipulate that your client's case is worth less [than] $75,000 and agree to cap any recovery at that amount?".  In response, Plaintiff's counsel

stated that "[w]e can work something out" and "[l]et me talk to my client and I'll get back to

you."  Two days later, Defendant's counsel again inquired "[a]re you willing to stipulate to

cap your recovery at $75,000?", to which Plaintiff's counsel responded that "[m]y authority is

only as to what we state in the settlement demand."  (*See* Doc. 7-2).

     Courts have afforded varying degrees of weight to a plaintiff's refusal to stipulate as

to a cap on damages.  *See e.g., Lee v. Walmart, Inc.*, 237 F.Supp.2d 577, 580 (E.D. Pa.

2002) ("While a plaintiff's failure to stipulate might provide some evidence that a claim is

truly for more than the jurisdictional minimum, I do not believe that fact may alone shoulder

the burden of § 1332 jurisdiction."); *TJS Brokerage & Co., Inc. v. CRST, Inc.*, 958 F.Supp.

220, 222 (E.D. Pa. 1997) (rejecting Defendant's claim that the jurisdictional amount

exceeded $75,000 where Defendant asserted that Plaintiff's counsel "'refused to stipulate

that its [plaintiff's] damages do *not* exceed the amount in the complaint'" or that "'its

damages do *not* exceed $75,000'", explaining that the Court "know[s] of nothing requiring

such a stipulation" and instead instructing that "[t]o determine the amount in controversy, we

look to the complaint itself. . .  Plaintiff seeks damages in the amount of $58,539 for breach

of contract [and t]here is no ambiguity or uncertainty here necessitating us to proceed

further.") (internal citation omitted); *see also*, *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316,

1320 (11th Cir. 2001)("There are several reasons why a plaintiff would not so stipulate [that

the claims do not exceed $75,000], and a refusal to stipulate standing alone does not satisfy

[Defendant's] burden of proof on the jurisdictional issue.").  *But see*, *Johnson v. Costco*

*Wholesale*, 1999 WL 740690, *3 (E.D.Pa. 1999) (finding Plaintiff's refusal to stipulate to a $75,000 limit on damages to be "legally significant"). Thus, although the weight a Court should afford a plaintiff's refusal to stipulate is flexible, the case law makes clear that a plaintiff's refusal to stipulate to a limitation on damages is not dispositive of a determination as to whether the jurisdictional minimum has been met.

Here, the Court recognizes Plaintiff's ultimate refusal to stipulate as to a recovery of $75,000 or less but declines to afford the refusal any controlling weight. The Court will not speculate as to Plaintiff's counsel's motives for refusing to enter into a stipulation as to damages, particularly where Plaintiff's counsel initially appeared amenable to discussing such an agreement, and the email exchange provided by Defendant does nothing to persuade this Court that Plaintiff's claim may exceed $75,000.

For these reasons, although the Court recognizes that it is possible that Plaintiff's damages may ultimately exceed $75,000, Defendant has not met its burden of showing that diversity jurisdiction exists in this case. Rather, strictly construing § 1441 and recognizing that federal courts are courts of limited jurisdiction with all doubts to be resolved in favor of remand, the Court finds that this case must be remanded to the Court of Common Pleas for Luzerne County.

Finally, Plaintiff requests that the Court order Defendant to pay him $2,500 for legal fees and expenses associated with the motion for remand (Doc. 6, ¶ 16) and argues that Defendant's removal was "frivolous" (Doc. 6-2, at 4).

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  District courts have broad discretion to determine whether an award of expenses, costs, and attorneys' fees are appropriate following a motion to remand. *See Mints v. Educ. Testing Serv.,* 99 F.3d 1253, 1260 (3d Cir. 1996).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005).

In the present matter, the Court finds that the Defendant engaged in fair and honest arguments concerning the merits of her position.  Defendant, while ultimately unsuccessful in meeting her burden, had an objectively reasonable basis for seeking removal and set properly set forth both factual and legal assertions which lent support to its position. [3] Accordingly, the Court will deny Plaintiff's request for an award of attorney's fees for seeking remand.

## IV. CONCLUSION

For the aforementioned reasons, Plaintiff's Motion to Remand Action to State Court (Doc. 6) will be granted in part and denied in part.  The Court will grant the motion to

---

[3] Although this Court does not comment on the merits of Plaintiff's claims, it notes that it is unaided in its analysis of whether the jurisdictional amount is met by the often unclear and undeveloped factual allegations set forth in Plaintiff's Complaint, further supporting a finding that Defendant had an objectively reasonable basis for removing this proceeding to federal court.

remand this matter to the Court of Common Pleas for Luzerne County but will deny

Plaintiff's motion for attorney's fees.  A separate Order follows.

Robert D. Mariani
United States District Judge